NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-837

COMMONWEALTH

vs.

NICKY S. KEO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Nicky S. Keo, appeals from the denial of his motion for a stay of execution of his criminal sentence pending appeal. See Mass. R. A. P. 6, as appearing in 481 Mass. 1608 (2019).

The defendant pleaded guilty in the District Court on June 6, 2022, to a single count of unlawfully carrying a firearm without a license in violation of G. L. c. 269, § 10 (a).[1] He was sentenced to the mandatory minimum house of correction term of eighteen months. Shortly thereafter, on June 23, 2022, the Supreme Court of the United States issued its decision in New

---

[1] At the change of plea hearing, the Commonwealth agreed to dismiss three additional counts charging knowingly receiving a firearm with a defaced serial number, G. L. c. 269, § 11C; unlawful carrying of a loaded firearm, G. L. c. 269, § 10 (n); and possession of a class B substance with intent to distribute, G. L. c. 94C, § 32A (a).

York State Rifle & Pistol Ass'n v. Bruen, 142 S. Ct. 2111 (2022), holding that the State of New York's statute for obtaining a license to carry a firearm outside of the home impermissibly burdened the Second Amendment rights of law-abiding citizens.

Within the thirty-day window of Mass. R. A. P. 4 (b) (1), as appearing in 481 Mass. 1606 (2019), the defendant filed a notice of appeal. Shortly thereafter he filed in the District Court a motion "to correct the unconstitutional sentence, or, in the alternative, motion for a new trial," together with a motion to stay his sentence pending appeal. He argued that the Supreme Court's analysis in Bruen implied that the Commonwealth's mandatory minimum sentence for unlawfully carrying a firearm is unconstitutional. The same judge who had accepted the guilty plea denied both motions, and the defendant timely appealed from the denial of the new trial motion. The defendant also renewed his motion for a stay in the single justice session of this court. The single justice denied the motion concluding, as the District Court judge had also concluded, that the defendant's appellate claim was not reasonably likely to succeed. The defendant timely filed a notice of appeal from the single justice's decision, which we now address.

We "review the single justice's ruling for error of law or abuse of discretion." Commonwealth v. Nash, 486 Mass. 394, 412

2

(2020).  The only question presented in this appeal is whether the single justice erred in holding that the defendant's Bruen claim does not have a reasonable likelihood of success.[2]

The law is clear that a frivolous issue on appeal does not warrant a stay, but that, to obtain a stay, the defendant is not required to show that he is more likely than not to prevail. See Nash, 486 Mass. at 404.  "What is perhaps less clear, and what likely defies precise calculation, is just how far along the spectrum between 'frivolous' and 'more likely than not' the appeal must be in order that it can be said to present 'some reasonable possibility of success.'"  Id.  We conclude that the single justice's assessment of the defendant's claim as falling on the frivolous side of the spectrum was not an error of law.

Given the accelerated evolution of the Supreme Court's Second Amendment jurisprudence from District of Columbia v. Heller, 554 U.S. 570 (2008), through Bruen, we would be hard pressed to attach the adjective "frivolous" to any legal claim for further expansion of the right to bear arms.  Nonetheless, without commenting at any length on the merits of the

---

[2] In his reply brief, the defendant argues for the first time that we should apply the likelihood of success factor more leniently in his favor because of COVID-19 concerns.  "We need not pass on grounds for reversal raised for the first time in a reply brief."  Commonwealth v. Garcia, 94 Mass. App. Ct. 91, 104 (2018), quoting Commonwealth v. McGowan, 400 Mass. 385, 390 n.4 (1987).  Even if we were to take the COVID-19 factor into account, however, we would reach the same result.

defendant's claim -- which will be decided by a panel of this court at a later date[3] -- we consider it quite unlikely that the defendant will prevail.  Nothing in the Bruen decision, which concerns eligibility requirements to obtain a license to carry a handgun lawfully, purports to limit the Legislature's "great latitude" to establish the sentencing range for defendants convicted of the crime of unlawfully carrying a firearm without a license.  Commonwealth v. Jackson, 369 Mass. 904, 909 (1976).  The severity of sentencing is an issue firmly rooted in Eighth Amendment jurisprudence.  See id. (mandatory minimum one-year sentence for unlawful carrying of firearm not "so disproportionate to the offense as to constitute cruel and usual punishment in violation of the Eighth Amendment to the United States Constitution, and art. 26, the parallel provision of our Declaration of Rights").  The defendant does not cite a single case in which a sentence for possessing or carrying a firearm without a license has been invalidated on Second Amendment grounds for being too severe.  Indeed, as the defendant acknowledges in his reply brief, "controlling precedent hold[s] squarely to the contrary."[4]

---

[3] The Supreme Judicial Court denied the defendant's request for direct appellate review.

[4] We discern nothing to the contrary in the Supreme Court's historical discussion of surety statutes.  See Bruen, 142 S. Ct. at 2149.  The defendant is free to press his point about this

4

Given the unlikelihood of the defendant's succeeding on appeal, we affirm the order of the single justice denying his request for stay of sentence pending appeal.

<u>So ordered</u>.

By the Court (Massing,
  Sacks & Walsh, JJ.[5]),

*Joseph F. Stanton*

Clerk

Entered:  February 15, 2023.

---

aspect of the <u>Bruen</u> decision more fully on the merits in his appeal.
[5] The panelists are listed in order of seniority.